UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| KELVIN BERNARD JOHNSON, | : | CASE NO. 19-51667-BEM |
| TRACEY ANN JOHNSON, | : | |
| | : | |
| Debtors. | : | |
| | : | |

**MOTION FOR ORDER AUTHORIZING SETTLEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates (collectively, the "**Bankruptcy Estate**") of Kelvin Bernard Johnson and Tracey Ann Johnson (collectively, "**Debtors**"), by and through the undersigned counsel, and files his *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows the Bankruptcy Court as follows:

**Jurisdiction and Venue**

1.     This Bankruptcy Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Settlement Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**Background**

2.     On January 31, 2019 (the "**Petition Date**"), Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy

18318698v1

Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 19-51667-BEM (the "**Bankruptcy Case**" or "**Case**").

3. By virtue of a *Warranty Deed* (the "**Warranty Deed**") dated April 30, 2009, Debtors were granted an ownership interest as joint tenants with the right of survivorship in a certain real property and improvements known commonly as 4815 Village Square Northwest, Acworth, Cobb County, Georgia 30102-3464 (the "**Property**"). The Warranty Deed was recorded in the real property records with the Clerk of the Superior Court of Cobb County, Georgia (the "**Real Estate Records**") on May 14, 2009.

4. On September 30, 2019, Trustee caused a notice of bankruptcy filing (the "**Bankruptcy Notice**") to be recorded in the Real Estate Records beginning at page 2899 of Deed Book 15670.

5. The Bankruptcy Notice remains in the Real Estate Records and includes notice of Debtors' Chapter 7 petition.

6. On or about December 15, 2020, Debtors executed a *Security Deed* (the "**Freedom Security Deed**") transferring an interest in the Property to Freedom to secure the repayment of a loan in the original principal amount of $202,043.00 (the "**Post-Petition Transfer**").

7. The Freedom Security Deed was recorded on the Real Estate Records beginning at page 5013 of Deed Book 15844.

8. On February 4, 2022, Trustee filed a complaint (the "**Complaint**") against Freedom and initiated the adversary proceeding styled as *Hays v. Freedom Mortgage Corporation* (Adv. Pro. No. 22-5020-BEM) (the "**Adversary Proceeding**"), in which Trustee has asserted, among other things, that the Post-Petition Transfer is avoidable and recoverable by

Trustee for the benefit of the Bankruptcy Estate, under 11 U.S.C. §§ 362, 549, 550, and 551 (the "**Post-Petition Avoidance Issues**").

9. Freedom has filed an answer to the Complaint and contests Trustee's claims related to the Post-Petition Avoidance Issues.

### The Proposed Settlement

10. Following negotiations, Trustee and Freedom (collectively, the "**Parties**") reached an agreement to resolve the Post-Petition Avoidance Issues raised by Trustee, subject to Bankruptcy Court approval. A copy of the Settlement Agreement is attached as Exhibit "A" to this Settlement Motion and is incorporated herein by reference. Significant terms of the Settlement Agreement follow:[1]

    a. Within 10 days of the Settlement Approval Order[2] becoming final, Freedom shall pay or caused to be paid to Trustee $100,000.00 in good funds (the "**Settlement Funds**") in one lump sum payment by delivering an official check to Trustee in the amount of $100,000.00 made payable to "S. Gregory Hays, Trustee (Johnson)."

    b. Effective upon the Settlement Approval Order becoming a final order, the Freedom Security Deed shall be deemed properly perfected, and the transaction represented by the Freedom Security Deed shall be deemed valid and enforceable, effective as of the date on which the Freedom Security Deed was filed in the public records.

    c. The Parties stipulate and agree that Freedom shall not have a claim as an unsecured creditor in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the $100,000.00 Settlement Funds, or for any reason, and that neither Freedom, nor any of its affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate as an unsecured creditor.

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement shall control.

[2] Capitalized terms not otherwise defined in this Settlement Motion shall have the meanings ascribed to them in the Settlement Agreement.

18318698v1

    d. Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b) Trustee's receiving the Settlement Funds, Trustee and Freedom shall file a stipulation dismissing with prejudice the Adversary Proceeding.

    e. The Parties grant one another broad and general releases.

## Relief Requested

11. By this Settlement Motion, Trustee requests that the Bankruptcy Court approve the Settlement Agreement between the Parties.

## Basis for Relief

12. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> > (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a

18318698v1

pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[3]

13. The proposed settlement between the Parties is the product of arms' length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

14. Given the potential expense of litigating the claims raised by Trustee and the contingent nature of the same, in the event that the claims that are proposed to be settled are instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known (including the time necessary for any potential appeals), and the complexity and uncertain resolution of factual and legal disputes, settlement on the terms described in the Settlement Agreement is a proper exercise of the Trustee's business judgment and in the best interests of the Bankruptcy Estate.

15. Trustee estimates that the proposed Settlement Agreement will allow him to make a meaningful distribution to holders of timely filed, non-priority, general unsecured claims.

16. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges that this Bankruptcy Court approve the Settlement Agreement.

[INTENTIONALLY LEFT BLANK]

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

18318698v1

WHEREFORE, Trustee respectfully requests that the Bankruptcy Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief that the Court deems just and appropriate.

Respectfully submitted, this 22nd day of June, 2022.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com

6

18318698v1

# EXHIBIT "A" FOLLOWS

18318698v1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of June 21, 2022 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates (collectively, the "**Bankruptcy Estate**") of Kelvin Bernard Johnson and Tracey Ann Johnson (collectively, "**Debtors**"); and Freedom Mortgage Corporation ("**Freedom**"), a State of New Jersey corporation.

### Background

1. On January 31, 2019 (the "**Petition Date**"), Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 19-51667-BEM (the "**Bankruptcy Case**").

2. By virtue of a *Warranty Deed* (the "**Warranty Deed**") dated April 30, 2009, Debtors were granted an ownership interest as joint tenants with the right of survivorship in a certain real property and improvements known commonly as 4815 Village Square Northwest, Acworth, Cobb County, Georgia 30102-3464 (the "**Property**"). The Warranty Deed was recorded in the real property records with the Clerk of the Superior Court of Cobb County, Georgia (the "**Real Estate Records**") on May 14, 2009.

3. On September 30, 2019, Trustee caused a notice of bankruptcy filing (the "**Bankruptcy Notice**") to be recorded in the Real Estate Records beginning at page 2899 of Deed Book 15670.

4. The Bankruptcy Notice remains in the Real Estate Records and includes notice of Debtors' Chapter 7 petition.

5. On or about December 15, 2020, Debtors executed a *Security Deed* (the "**Freedom Security Deed**") transferring an interest in the Property to Freedom to secure the repayment of a loan in the original principal amount of $202,043.00 (the "**Post-Petition Transfer**").

6. The Freedom Security Deed was recorded on the Real Estate Records beginning at page 5013 of Deed Book 15844.

7. On February 4, 2022, Trustee filed a complaint (the "**Complaint**") against Freedom and initiated the adversary proceeding styled as *Hays v. Freedom Mortgage Corporation* (Adv. Pro. No. 22-5020-BEM) (the "**Adversary Proceeding**"), in which Trustee has asserted, among other things, that the Post-Petition Transfer is avoidable and recoverable by Trustee for the benefit of the Bankruptcy Estate, under 11 U.S.C. §§ 362, 549, 550, and 551 (the "**Post-Petition Avoidance Issues**").

8. Freedom has filed an answer to the Complaint and contests Trustee's claims related to the

Post-Petition Avoidance Issues.

9. Following negotiations, Trustee and Freedom (collectively, the "**Parties**") have reached an agreement to resolve the Post-Petition Avoidance Issues raised by Trustee, subject to Bankruptcy Court approval.

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Resolution of the Preference Issues.** Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes between them as follows:

    2.1. *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

    2.2. *Payment of Settlement Funds by Freedom to Trustee.* Within 10 days of the Settlement Approval Order becoming final, Freedom shall pay or caused to be paid to Trustee $100,000.00 in good funds (the "**Settlement Funds**") in one lump sum payment by delivering an official check to Trustee in the amount of $100,000.00 made payable to "S. Gregory Hays, Trustee (Johnson)" addressed as follows:

    S. Gregory Hays
    Hays Financial Consulting, LLC
    Suite 555
    2964 Peachtree Road
    Atlanta, GA 30305

    For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

    2.3. *Release by Trustee of Freedom.* Effective upon Trustee's receiving the $100,000.00 Settlement Funds in good funds and the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved

       under this Agreement, Trustee releases, acquits, and forever discharges Freedom from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against Freedom prior to the Effective Date, including without limitation any claim that Freedom committed any violation of the automatic stay in the Bankruptcy Case.

2.4. *Release by Freedom of Trustee and the Bankruptcy Estate.* Effective upon the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under this Agreement, Freedom releases, acquits, and forever discharges Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Freedom may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

2.5. *The Freedom Security Deed Shall be Deemed Properly Perfected, and the Transaction represented by the Freedom Security Deed Shall be Deemed Valid and Enforceable.* Effective upon the Settlement Approval Order becoming a final order, the Freedom Security Deed shall be deemed properly perfected, and the transaction represented by the Freedom Security Deed shall be deemed valid and enforceable, effective as of the date on which the Freedom Security Deed was filed in the public records.

2.6. *Freedom Shall Have No Unsecured Claim Against the Bankruptcy Estate.* The Parties stipulate and agree that Freedom shall not have a claim as an unsecured creditor in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the $100,000.00 Settlement Funds, or for any reason, and that neither Freedom, nor any of its affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate as an unsecured creditor.

2.7. *Dismissal of Adversary Proceeding.* Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b) Trustee's receiving the Settlement Funds, Trustee and Freedom shall file a stipulation dismissing with prejudice the Adversary Proceeding.

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** Except for this Agreement and the terms set forth herein, the Parties agree that there are no other agreements, oral or written, between or

135213263.1



among them relating to any matters covered by this Agreement, and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee and Freedom, and that any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee or Freedom but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

8. **No Assignment or Transfer of Released Claims.** Each Party represents and warrants that as of the date of the execution of this Agreement, it is the true and lawful owner of all right, title and interest in and to each and every Claim that will be released pursuant to this Agreement, and that it has not assigned or transferred or purported to assign or transfer, to any person, firm, corporation, association or any entity whatsoever, all or any part of the Claims.

9. **Definition of Claims.** The term "Claims" means all claims or causes of action that were asserted or could have been brought as of the Effective Date by or on behalf of any Party to this Agreement, either directly or indirectly, in respect of, in relation to, or in connection with the Bankruptcy Case or the Adversary Proceeding.

10. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

135213263.1



11. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

12. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

13. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed received: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the parties as follows

   13.1. *If to Trustee*:

   > Michael J. Bargar
   > Arnall Golden Gregory LLP
   > 171 17th Street, NW, Suite 2100
   > Atlanta, GA 30363
   > michael.bargar@agg.com (electronic mail)

   13.2. *If to Freedom*:

   > Jordan B. Forman
   > Fox Rothschild LLP
   > 999 Peachtree Street
   > Suite 1500
   > Atlanta, GA 30309
   > jforman@foxrothschild.com (electronic mail)

   The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

14. **Restoration.** In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

15. **Parties to Bear Own Costs.** Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

135213263.1



To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays, as and only as
Chapter 7 Trustee for the bankruptcy estates of
Kelvin Bernard Johnson and Tracey Ann Johnson (Case No. 19-51667-BEM)

Dated: June 21, 2022

**FREEDOM MORTGAGE CORPORATION**

By: *Steven Molitor*
    Name:  Steven Molitor
    Title: Sr. EVP & Chief Legal Officer

Dated: June  21 , 2022

135213263.1



## CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Jordan B. Forman
Fox Rothschild LLP
999 Peachtree Street
Suite 1500
Atlanta, GA 30309

Kelvin Bernard Johnson
4815 Village Square NW
Acworth, GA 30102

Tracey Ann Johnson
4815 Village Square NW
Acworth, GA 30102

Charles M. Clapp
Law Offices of Charles Clapp, LLC
5 Concourse Parkway NE
Suite 3000
Atlanta, GA 30328

This 22nd of June, 2022.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

18318698v1