

**IT IS ORDERED as set forth below:**

**Date: July 22, 2022**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| KELVIN BERNARD JOHNSON, | : | CASE NO. 19-51667-BEM |
| TRACEY ANN JOHNSON, | : | |
| | : | |
| Debtors. | : | |
| | : | |

**ORDER AUTHORIZING SETTLEMENT UNDER RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE**

On June 22, 2022, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates (collectively, the "**Bankruptcy Estate**") of Kelvin Bernard Johnson and Tracey Ann Johnson (collectively, "**Debtors**"), filed a *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 36] (the "**Motion**") and related papers with the Court, seeking an order, among other things, approving a settlement agreement (the "**Settlement Agreement**") between Trustee and Freedom Mortgage Corporation ("**Freedom**" and with Trustee, the "**Parties**") related to the alleged security interest of Freedom

18412362v1

(purportedly granted through the Freedom Security Deed)[1] in certain improved real property with a common address 4815 Village Square Northwest, Acworth, Cobb County, Georgia 30102-3464 (the "**Property**").  More specifically, under the terms of the Settlement Agreement, *inter alia*,[2] within 10 days of the Settlement Approval Order (i.e., this Order) becoming final, Freedom shall pay or caused to be paid to Trustee $100,000.00 in good funds (the "**Settlement Funds**") in one lump sum payment by delivering an official check to Trustee in the amount of $100,000.00.  Also, effective upon the Settlement Approval Order becoming a final order, the Freedom Security Deed shall be deemed properly perfected, and the transaction represented by the Freedom Security Deed shall be deemed valid and enforceable, effective as of the date on which the Freedom Security Deed was filed in the public records.  Moreover, the Parties stipulate and agree that Freedom shall not have a claim as an unsecured creditor in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the $100,000.00 Settlement Funds, or for any reason, and that neither Freedom, nor any of its affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate as an unsecured creditor.  In addition, within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b) Trustee's receiving the Settlement Funds, Trustee and Freedom shall file a stipulation dismissing with prejudice the Adversary Proceeding styled as *Hays v. Freedom Mortgage Corporation* (Adv. Pro. No. 22-5020-BEM).  Finally, the Parties grant broad and general releases to one another.  The exact terms of the

---

[1]   Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

[2]   The following is a summary of the Settlement Agreement and is not intended to be comprehensive.  To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

Settlement Agreement are set forth on Exhibit "A" to the Motion.

On June 23, 2022, Trustee filed a *Notice of Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure; Deadline to Object; and for Hearing* [Doc. No. 37] (the "**Notice**") regarding the Motion, in accordance with the Second Amended and Restated General Order No. 24-2018, and setting a hearing on the Motion for July 26, 2022 (the "**Hearing**").  Counsel for Trustee certifies that he served the Notice on all requisite parties in interest on June 23, 2022.  [Doc. No. 39].

No objection to the relief requested in the Motion was filed prior to the objection deadline provided in the Notice and pursuant to the Second Amended and Restated General Order No. 24-2018.

The Court having considered the Motion and all other matters of record, including the lack of objection to the relief requested in the Motion, and, based on the forgoing, finding that no further notice or hearing is necessary; and, the Court having found that good cause exists to grant the relief requested in the Motion, it is hereby

**ORDERED** that the Motion is **GRANTED**: the Settlement Agreement is approved and its terms are incorporated into this Order.  It is further

**ORDERED** that Trustee and the other Parties may take any other actions necessary to satisfy the terms of the Settlement Agreement. It is further

**ORDERED** that this Court retains jurisdiction to (i) interpret, implement, and enforce this Order, (ii) resolve any disputes regarding or concerning the Settlement Agreement, and (iii) enter such other and further orders as may be necessary, just, or proper as an aid to enforcement or implementation of this Order.

**[END OF DOCUMENT]**

18412362v1

**Order prepared and presented by**:

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-7030
Email: michael.bargar@agg.com


**Identification of entities to be served:**

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Jordan B. Forman
Fox Rothschild LLP
999 Peachtree Street
Suite 1500
Atlanta, GA 30309

Kelvin Bernard Johnson
4815 Village Square NW
Acworth, GA 30102

Tracey Ann Johnson
4815 Village Square NW
Acworth, GA 30102

Charles M. Clapp
Law Offices of Charles Clapp, LLC
5 Concourse Parkway NE
Suite 3000
Atlanta, GA 30328

18412362v1

Michael J. Bargar
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363

18412362v1