UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 19-51667-BEM |
| KELVIN BERNARD JOHNSON and | ) | |
| TRACEY ANN JOHNSON, | ) | CHAPTER 7 |
| | ) | |
| Debtors. | ) | |

**NOTICE OF TRUSTEE'S FIRST OMNIBUS OBJECTION**
**TO CLAIMS AND OF HEARING**

**PLEASE TAKE NOTICE** that S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Kelvin Bernard Johnson and Tracey Ann Johnson, has filed the *Trustee's First Omnibus Objection to Claims (Claims Satisfied in Whole or in Part by the Debtors' Direct Post-Petition Payments)* (the "**Objection**") and related papers with the Court. The Objection asks the Court to reduce or disallow Claim Nos. 1, 2, 14, 15, 16, and 17.

**CLAIMANTS RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT A TO THE OBJECTION. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Objection on December 1, 2026, at 10:00 a.m. in Courtroom 1402, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303, which must be attended in person unless the Court orders otherwise.

If you do not want the Court to reduce, modify, or eliminate your claim, then on or before November 16, 2026, you or your attorney must file a written response to the Objection with the Clerk of the United States Bankruptcy Court, Suite 1340, United States Courthouse, 75 Ted Turner

Drive, S.W., Atlanta, Georgia 30303, and serve a copy on the Trustee's counsel at the address stated below. If you mail your response to the Clerk for filing, you must mail it early enough so that the Court will receive it on or before the date stated above. You or your attorney should also attend the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the Objection and may enter an order reducing or disallowing your claim as requested in the Objection.

Dated: October 14, 2026.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for the Chapter 7 Trustee*

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 410-1220
mbargar@rlkglaw.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 19-51667-BEM |
| KELVIN BERNARD JOHNSON and | ) | |
| TRACEY ANN JOHNSON, | ) | CHAPTER 7 |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS (CLAIMS SATISFIED IN WHOLE OR IN PART BY THE DEBTORS' DIRECT POST-PETITION PAYMENTS) — CLAIM NOS. 1, 2, 14, 15, 16, AND 17**

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT A TO THIS OBJECTION, WHICH LISTS EACH AFFECTED CLAIMANT ALPHABETICALLY, CROSS-REFERENCES EACH CLAIM NUMBER, AND IDENTIFIES THE GROUND FOR THE OBJECTION TO EACH CLAIM.**

**THIS OBJECTION SEEKS TO REDUCE OR DISALLOW CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS SHOULD READ THIS OBJECTION CAREFULLY.**

S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Kelvin Bernard Johnson and Tracey Ann Johnson (together, the "**Debtors**"), by and through undersigned counsel, files this First Omnibus Objection to Claims (the "**Objection**") pursuant to 11 U.S.C. §§ 502(a), 502(b)(1), and 704(a)(5), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and BLR 3007-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia. By this Objection, the Trustee asks the Court to reduce or disallow the six proofs of claim identified on Exhibit A (collectively, the "**Claims**") to account for payments that the Debtors made directly to the holders of the Claims after the Petition Date. In support of this Objection, the Trustee respectfully shows the Court:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 31, 2019 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**"), initiating the above-captioned case.

3. The Trustee was appointed as the interim Chapter 7 trustee and continues to serve as the Chapter 7 trustee in this case.

4. The deadline for governmental units to file proofs of claim was July 30, 2019, and the deadline for non-governmental entities to file proofs of claim was June 20, 2019.

5. Trustee is currently holding approximately $39,000.00, and he estimates that there will likely be surplus to the Debtors if this objection is sustained and he then pays all allowed claims against the Bankruptcy Estate.

6. After the Petition Date, the Debtors made payments directly to certain creditors on account of prepetition debts. Counsel for Trustee has discussed the payments with the Debtors and reviewed supporting documents.

7. Seventeen proofs of claim have been filed in this case. The Trustee has reviewed the claims register and the records of the Debtors' direct payments. Based on that review, the Trustee has determined that each of the Claims has been satisfied, in whole or in part, by the Debtors' direct post-petition payments, and that none of the Claims has been amended or withdrawn to reflect those payments.

**THE CLAIMS**

8. Capital One Bank (USA), N.A. (Claim Nos. 1 and 2). On April 9, 2019, Capital One Bank (USA), N.A., by American InfoSource as agent ("**Capital One**"), filed Claim No. 1 in the amount of $5,178.34 and Claim No. 2 in the amount of $4,144.58. After the Petition Date, the Debtors paid $5,141.00 on account of the debt underlying Claim No. 1 and $4,089.00 on account of the debt underlying Claim No. 2. Accordingly, Claim No. 1 should be reduced and allowed in the amount of $37.34, and Claim No. 2 should be reduced and allowed in the amount of $55.58.

9. Synchrony Bank (Claim No. 14). On June 12, 2019, Synchrony Bank, c/o PRA Receivables Management, LLC ("**Synchrony**"), filed Claim No. 14 in the amount of $1,447.45. After the Petition Date, the Debtors paid $1,497.00 on account of the debt underlying Claim No. 14, an amount that exceeds the amount of the claim. Accordingly, Claim No. 14 should be disallowed in its entirety as satisfied.

10. Citibank, N.A. (Claim Nos. 15, 16, and 17). On June 20, 2019, Citibank, N.A. ("**Citibank**") filed Claim No. 15 in the amount of $2,449.74, Claim No. 16 in the amount of $841.29, and Claim No. 17 in the amount of $500.00. After the Petition Date, the Debtors paid $2,089.00, $841.00, and $500.00 on account of the debts underlying Claim Nos. 15, 16, and 17, respectively. Accordingly, Claim No. 15 should be reduced and allowed in the amount of $360.74, Claim No. 16 should be reduced and allowed in the amount of $0.29, and Claim No. 17 should be disallowed in its entirety as satisfied.

12. The following table summarizes the Claims and the relief requested:

| Claimant | Claim No. | Amount Claimed | Direct Payments by Debtors | Proposed Allowed Amount | Treatment |
|---|---|---|---|---|---|
| Capital One Bank (USA), N.A., by American InfoSource as agent | 1 | $5,178.34 | $5,141.00 | $37.34 | Reduce and allow |

| Claimant | Claim No. | Amount Claimed | Direct Payments by Debtors | Proposed Allowed Amount | Treatment |
|---|---|---|---|---|---|
| Capital One Bank (USA), N.A., by American InfoSource as agent | 2 | $4,144.58 | $4,089.00 | $55.58 | Reduce and allow |
| Citibank, N.A. | 15 | $2,449.74 | $2,089.00 | $360.74 | Reduce and allow |
| Citibank, N.A. | 16 | $841.29 | $841.00 | $0.29 | Reduce and allow |
| Citibank, N.A. | 17 | $500.00 | $500.00 | $0.00 | Disallow in full |
| Synchrony Bank, c/o PRA Receivables Management, LLC | 14 | $1,447.45 | $1,497.00 | $0.00 | Disallow in full |
| **TOTAL** | | **$14,561.40** | **$14,157.00** | **$453.95** | |

**RELIEF REQUESTED AND BASIS FOR RELIEF**

13. By this Objection, the Trustee requests entry of an order reducing and allowing, or disallowing in their entirety, the Claims in the amounts set forth above and on Exhibit A.

14. A proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If an objection is made, the Court shall determine the amount of the claim and allow it except to the extent that, among other things, "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). To the extent a debt has been paid, it is no longer enforceable against the Debtors or their property, and the corresponding claim should be disallowed to that extent.

15. The Trustee has a statutory duty, if a purpose would be served, to "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5). A purpose is served here: allowing the Claims as filed would permit the claimants to recover a second

time on debts that have already been paid in whole or in part, to the detriment of [other creditors and the Debtors, who are entitled to any surplus under 11 U.S.C. § 726(a)(6)].

16. A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). The Trustee's evidence of the Debtors' direct post-petition payments [attached as Exhibit C / to be presented at the hearing] rebuts that presumption as to the amounts paid, and each claimant bears the ultimate burden of establishing any amount remaining due.

17. Bankruptcy Rule 3007(d) permits objections to more than one claim to be joined in an omnibus objection where the objections are based solely on the ground that the claims should be disallowed, in whole or in part, because they have been satisfied or released during the case. Fed. R. Bankr. P. 3007(d)(5). The objection to each Claim rests solely on that ground.

18. This Objection complies with Bankruptcy Rule 3007(e). It states conspicuously that claimants receiving the Objection should locate their names and claims on Exhibit A; Exhibit A lists the claimants alphabetically, cross-references each claim number, and states the ground for the objection to each claim with a cross-reference to the pages of this Objection where that ground is discussed; the title identifies the objector and the ground for the Objection; the Objection is the Trustee's first omnibus objection in this case; and the Objection concerns fewer than 100 claims.

19. To the extent the Court determines that any portion of this Objection falls outside Bankruptcy Rule 3007(d), the Trustee respectfully requests that the Court permit the joinder of the objections set forth herein pursuant to Bankruptcy Rule 3007(c), because the objections arise from the same facts, rest on the same legal ground, and involve a small number of claims and claimants.

## RESERVATION OF RIGHTS

20. The Trustee reserves the right to amend or supplement this Objection, to object to any of the Claims on any other ground, and to object to any other claim filed in this case. Nothing in this Objection constitutes an admission as to the validity, priority, or amount of any claim.

## NOTICE

21. Pursuant to Bankruptcy Rule 3007(a), the Trustee is serving this Objection and the accompanying notice of hearing at least thirty (30) days before the hearing on (a) each claimant, at the address designated for notices in its proof of claim; (b) with respect to Capital One Bank (USA), N.A., Synchrony Bank, and Citibank, N.A., each of which the Trustee believes to be an insured depository institution, in the manner provided by Bankruptcy Rule 7004(h); (c) the Debtors; (d) counsel for the Debtors; and (e) the Office of the United States Trustee. The Trustee submits that no further notice is required.

WHEREFORE, the Trustee respectfully requests that the Court enter an order (a) sustaining this Objection; (b) reducing and allowing Claim No. 1 in the amount of $37.34, Claim No. 2 in the amount of $55.58, Claim No. 15 in the amount of $360.74, and Claim No. 16 in the amount of $0.29; (c) disallowing Claim Nos. 14 and 17 in their entirety; and (d) granting such other and further relief as the Court deems just and proper.

Dated: October 14, 2026.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for the Chapter 7 Trustee*

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 410-1220
mbargar@rlkglaw.com

# EXHIBIT A

## Schedule of Claims Subject to the Trustee's First Omnibus Objection

(Claimants listed alphabetically)

| Claimant | Claim No. | Date Filed | Amount Claimed | Direct Payments by Debtors | Proposed Allowed Amount | Ground / Reference |
|---|---|---|---|---|---|---|
| Capital One Bank (USA), N.A., by American InfoSource as agent | 1 | 04/09/2019 | $5,178.34 | $5,141.00 | $37.34 | Satisfied (Rule 3007(d)(5)); reduce and allow. See ¶ 8 (p. 4); ¶¶ 13–19 (pp. 6–7). |
| Capital One Bank (USA), N.A., by American InfoSource as agent | 2 | 04/09/2019 | $4,144.58 | $4,089.00 | $55.58 | Satisfied (Rule 3007(d)(5)); reduce and allow. See ¶ 8 (p. 4); ¶¶ 13–19 (pp. 6–7). |
| Citibank, N.A. | 15 | 06/20/2019 | $2,449.74 | $2,089.00 | $360.74 | Satisfied (Rule 3007(d)(5)); reduce and allow. See ¶ 10 (p. 5); ¶¶ 13–19 (pp. 6–7). |
| Citibank, N.A. | 16 | 06/20/2019 | $841.29 | $841.00 | $0.29 | Satisfied (Rule 3007(d)(5)); reduce and allow. See ¶ 10 (p. 5); ¶¶ 13–19 (pp. 6–7). |
| Citibank, N.A. | 17 | 06/20/2019 | $500.00 | $500.00 | $0.00 | Satisfied (Rule 3007(d)(5)); disallow in full. See ¶ 10 (p. 5); ¶¶ 13–19 (pp. 6–7). |
| Synchrony Bank, c/o PRA Receivables Management, LLC | 14 | 06/12/2019 | $1,447.45 | $1,497.00 | $0.00 | Satisfied (Rule 3007(d)(5)); disallow in full. See ¶ 9 (p. 5); ¶¶ 13–19 (pp. 6–7). |
| **TOTAL** | | | **$14,561.40** | **$14,157.00** | **$453.95** | |

Ground for each objection: The claim has been satisfied, in whole or in part, by the Debtors' direct post-petition payments. Fed. R. Bankr. P. 3007(d)(5); 11 U.S.C. § 502(b)(1).

**EXHIBIT B**

**PROPOSED ORDER**

[N.D. Ga. judge signature/date header block]

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 19-51667-BEM |
| KELVIN BERNARD JOHNSON and | ) | |
| TRACEY ANN JOHNSON, | ) | CHAPTER 7 |
| | ) | |
| Debtors. | ) | |

**ORDER SUSTAINING TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS**

This matter came before the Court on [__________], 2026, on the *Trustee's First Omnibus Objection to Claims (Claims Satisfied in Whole or in Part by the Debtors' Direct Post-Petition Payments)* [Doc. No. ___] (the "Objection") filed by S. Gregory Hays, as Chapter 7 Trustee (the "Trustee"). The Court finds that the Objection and notice of the hearing were properly served in accordance with Bankruptcy Rule 3007(a), as reflected in the certificate of service [Doc. No. ___]. No response to the Objection was filed, and no claimant appeared at the hearing to oppose it.

The Court having considered the Objection and the record in this matter, and for good cause shown, it is hereby

**ORDERED** that the Objection is **SUSTAINED**. It is further

**ORDERED** that the following claims are reduced and allowed, or disallowed, as follows:

| Claimant | Claim No. | Amount Claimed | Direct Payments by Debtors | Proposed Allowed Amount | Treatment |
|---|---|---|---|---|---|
| Capital One Bank (USA), N.A., by American InfoSource as agent | 1 | $5,178.34 | $5,141.00 | $37.34 | Reduce and allow |
| Capital One Bank (USA), N.A., by American InfoSource as agent | 2 | $4,144.58 | $4,089.00 | $55.58 | Reduce and allow |
| Citibank, N.A. | 15 | $2,449.74 | $2,089.00 | $360.74 | Reduce and allow |
| Citibank, N.A. | 16 | $841.29 | $841.00 | $0.29 | Reduce and allow |
| Citibank, N.A. | 17 | $500.00 | $500.00 | $0.00 | Disallow in full |
| Synchrony Bank, c/o PRA Receivables Management, LLC | 14 | $1,447.45 | $1,497.00 | $0.00 | Disallow in full |
| **TOTAL** | | **$14,561.40** | **$14,157.00** | **$453.95** | |

**[END OF DOCUMENT]**

Prepared and presented by:

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for the Chapter 7 Trustee*

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 410-1220
mbargar@rlkglaw.com

**Distribution List**

Michael J. Bargar, Rountree Leitman Klein & Geer, LLC, Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, Georgia 30329

S. Gregory Hays, Hays Financial Consulting, LLC, Suite 555, 2964 Peachtree Road, Atlanta, GA 30305

Kelvin Bernard Johnson, 4815 Village Square NW, Acworth, GA 30102

Tracey Ann Johnson, 4815 Village Square NW, Acworth, GA 30102

Charles M. Clapp, Law Offices of Charles Clapp, LLC, 5 Concourse Parkway, NE, Suite 3000, Atlanta, GA 30328

Office of the United States Trustee, [362 Richard B. Russell Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303]

Capital One Bank (USA), N.A., by American InfoSource as agent, 4515 N Santa Fe Ave, Oklahoma City, OK 73118

Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541

Citibank, N.A., 701 East 60th Street North, Sioux Falls, SD 57117

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2026, I caused a true and correct copy of the foregoing *Notice of Trustee's First Omnibus Objection to Claims and of Hearing* and *Trustee's First Omnibus Objection to Claims*, including all exhibits, to be filed with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all parties registered to receive electronic notice in this case, and further caused copies to be served as follows:

**By United States first-class mail, postage prepaid:**

**Capital One Bank (USA), N.A. (Claim Nos. 1 and 2):**

Notice address: Capital One Bank (USA), N.A., by American InfoSource as agent, 4515 N Santa Fe Ave, Oklahoma City, OK 73118

Payment address: Capital One Bank (USA), N.A., by American InfoSource as agent, PO Box 71083, Charlotte, NC 28272-1083
Signer: Ashley Boswell, American InforSource, 4515 N Santa Fe Ave, Oklahoma City, OK 73118

**Citibank, N.A. (Claim Nos. 15, 16, and 17):**

Notice address: Citibank, N.A., 701 East 60th Street North, Sioux Falls, SD 57117

Payment address: Citibank, N.A., 6716 Grade Ln Blg 9 Ste 910-PY DEPT, Louisville, KY 40213-3439
Signer: Nova Schottel, Citibank, N.A., 701 East 60th Street, Sioux Falls, SD 57117
Signer: Nicole Moon, Citibank, N.A., 701 East 60th Street, Sioux Falls, SD 57117

**Synchrony Bank (Claim No. 14):**

Notice address: Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541

Payment address: Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41031, Norfolk, VA 23541
Signer: Shidarella Morris, PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541

Kelvin Bernard Johnson, 4815 Village Square NW, Acworth, GA 30102

Tracey Ann Johnson, 4815 Village Square NW, Acworth, GA 30102

Charles M. Clapp, Law Offices of Charles Clapp, LLC, 5 Concourse Parkway, NE, Suite 3000, Atlanta, GA 30328

Office of the United States Trustee, 362 Richard B. Russell Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303

**By certified mail, addressed to an officer of the institution, pursuant to Fed. R. Bankr. P. 7004(h):**

Capital One, National Association, Attn: Richard D. Fairbank, Chairman of the Board and Chief Executive Officer of Capital One Financial Corporation, or Chief Executive Officer, 1680 Capital One Drive, McLean, Virginia 22102

Synchrony Bank, Attn: Brian D. Doubles, President and Chief Executive Officer, 170 W Election Road, Suite 125, Draper, Utah 84020

Citibank, N.A., Attn: Sunil Garg, Chief Executive Officer, 5800 S. Corporate Place, Sioux Falls, South Dakota 57108

Dated: October 14, 2026.

**ROUNTREE LEITMAN KLEIN & GEER, LLC**
*Attorneys for the Chapter 7 Trustee*

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 410-1220
mbargar@rlkglaw.com